# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| RICHARD G. VENTO and LANA J. VENTO, <br><br> Petitioners, <br><br> vs. <br><br> UNITED STATES OF AMERICA, <br><br> Respondent. | 3:05-CV-0590-BES (RAM) <br><br> **ORDER** |
| RICHARD G. VENTO and LANA J. VENTO, <br><br> Petitioners, <br><br> vs. <br><br> UNITED STATES OF AMERICA, <br><br> Respondent. | 3:05-CV-0591-BES (RAM) |
| RICHARD G. VENTO and LANA J. VENTO, <br><br> Petitioners, <br><br> vs. <br><br> UNITED STATES OF AMERICA, <br><br> Respondent. | 3:05-CV-0592-BES (RAM) |

///

Before the court in these three related cases are Petitioners' Petition to Quash IRS Third Party Summons (Doc. #2). The Respondent has filed a Motion for Summary Denial of Petition to Quash Third Party Summons (Doc. #5), the Petitioner has responded to that Motion (Doc. #7) and the Respondent has replied (Doc. #8) in each of the cases.

## BACKGROUND

The Petitioners seek to quash the third party summons that the IRS has issued to First American Title Co., Sierra Pacific Power Co., and the Incline Village General Improvement District. The summons to the First American Title Co. seeks records relative to the transfer or refinance of the residence located at 889 Lakeshore Boulevard, Incline Village, Nevada, created, obtained or received in 2001 or 2002. The summons to Sierra Pacific Power Co. seeks copies of all utility bills for the year 2001 issued to Petitioners for any address including 889 Lakeshore Boulevard, Incline Village, Nevada, and copies of any payments received with respect to those accounts. The summons issued to the Incline Village General Improvement District requests copies of all water/sewer and utility bills for the year 2001 issued to Petitioners for any address including 889 Lakeshore Boulevard, Incline Village, Nevada, and copies of any payments received with respect to those accounts.

The IRS is investigating the federal income tax liability of the Petitioners for the taxable year 2001. The Petitioners claim they are residents of the Virgin Islands and that they filed their required return with the Bureau of Internal Revenue and paid the requisite tax. The Petitioners allege that the summons were not issued for a proper purpose and that all administrative steps required by law with respect to the issuance and service of the summons have not been followed.

## DISCUSSION

Initially, both parties agree that the standard by which a third party summons may be enforced is enunciated in *United States v. Powell*, 379 U.S. 48 (1964). In order to show that a third party summons may be enforced, *Powell* requires that the IRS establish that the summons (1) was issued for a legitimate purpose, (2) seeks information relevant to that purpose, (3) seeks information that is not already within the Internal Revenue Service's possession, and (4) satisfies all administrative steps

2

required by the United States Code. *Powell*, 379 U.S. at 57-58. The Petitioners claim that the IRS has failed to establish the first and fourth *Powell* requirements.

Petitioners assert that since they are residents of the Virgin Islands they are subject to the taxing jurisdiction of the Virgin Islands and, therefore, the IRS does not have jurisdiction to enforce the Internal Revenue Code against them and, for that reason, the summons were not issued for a legitimate purpose. The Petitioners rely on § 932(c) of the Internal Revenue Code which provides that <u>bonafide</u> residents of the Virgin Islands owe no tax liability to the IRS if the resident reports income from all sources on the return filed with the Virgin Islands and pays the tax liability to the Virgin Islands on the income reported on the return. Therefore, Petitioners claim the United States of America has failed to meet the first *Powell* requirement.

Petitioners also assert that the IRS has failed to follow the terms and conditions of the Tax Implementation Agreement Between the United States of America and the Virgin Islands and thus has failed to meet the fourth *Powell* requirement.

To obtain enforcement of a summons the government must first establish its "good faith" by meeting the four *Powell* requirements set out above. "The government's burden is 'a slight one' and typically is satisfied by the introduction of the sworn declaration of the Revenue Agent who issued the summons that the *Powell* requirements have been met." (citations omitted) *Fortney v. U.S.,* 59 F.3d 117, 120 (9th Cir. 1995) "once a prima facie case is made a 'heavy' burden is placed on the taxpayer to show an 'abusive process' or 'the lack of institutional good faith.'" *Id.*

In the present cases the government has submitted the declaration of Jaqueline M. Moss (Doc. #6). That declaration sets forth facts that the *Powell* requirements have been met and satisfies the government's "slight" burden.

Petitioners, on the other hand, have failed their "heavy" burden of showing that *Powell* requirements one and four have not been met. Petitioners' first contention that because they are bonafide residents of the Virgin Islands, the IRS is without authority to investigate them is without merit. Contrary to the Petitioners' position, the government has never given up its authority over Virgin Island residents for US income tax liability. *See Virgin Islands v. O'Brien*, 21 V.I. 549, 559 n. 3

3

(Terr. Ct. V.I. 1985) ("it is quite possible for the IRS to investigate a local residence if it believes that person has not satisfied his U.S. tax obligations by filing locally.") Indeed, the heart of the IRS investigation is whether Petitioners were, in fact, bonafide residents of the Virgin Islands during the tax year in question.  It is nothing but a circular argument for Petitioners to say that because they allege that they were bonafide residents of the Virgin Islands the IRS cannot investigate to see whether or not that was in fact true.

Petitioners have also failed to meet their "heavy" burden of establishing that the IRS has failed to comply with the provisions of the Tax Implementation Agreement Between the United States of America and the Virgin Islands.  The TIA by its express terms allows the IRS to investigate Virgin Island residents without following any otherwise prescribed procedures. *See* Tax Implementation Agreement art. 4, § 4 ("notwithstanding the forgoing, the United States may exercise its rights under Section 7602 *et. seq.* of the Code to obtain information in the Virgin Islands without resorting to the procedures set forth in this agreement.") If the United States can obtain information in the Virgin Islands without resorting to the procedures of the TIA, certainly it can perform investigations in the United States.

## CONCLUSION

Respondent has met its "slight" burden and established a *prima facie* case for the issuance of a summons and that it has complied with the *Powell* requirements. Petitioners have failed in their "heavy" burden to establish that the summons were not issued for a proper purpose and that all administrative steps required by law with respect to the issuance and service of the summons have not been followed.

Therefore, the Petition to Quash IRS Third Party Summons (Doc. #2) in each of the above captioned cases is **DENIED** and the United States' Motion for Summary Denial of Petition to Quash Third Party Summons (Doc. #5) in each of the cases is **GRANTED**.

///

///

///

4

DATED: September 26, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

5